tion (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on the entry. The protest was sustained to this extent.

**No. 52600.**—Dunhill Tailored Clothes, Inc. *v.* United States, protest 85487–K (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83.) In accordance therewith it was held that the currency of the invoice should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on the entry. The protest was sustained to this extent.

**No. 52601.**—L. Oppleman, Inc. *v.* United States, protest 90566–K (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on entry 816804. The protest was sustained to this extent.

**No. 52602.**—R. E. Lyte *v.* United States, protest 131774–K (San Francisco).

Opinion by EKWALL, J. It appeared that the goods were subject to the British purchase tax and on entry a duress certificate was filed in which the importer certified that it had entered the merchandise at a value higher than that defined in the tariff act because of advances by the appraiser in similar cases then pending on appeal for reappraisement. The collector disregarded said certificate and liquidated upon the entered value on the ground that the certificate was not signed, the signature being in typewriting. Under authority of *Clinton Smullyan Associates* v. *United States* (35 C. C. P. A. 7, C. A. D. 363) the court sustained the claim that the liquidation should have been made upon the basis of the value found by the court on appeal to reappraisement (Reap. Dec. 6478), in which it was held that the British purchase tax was no part of the entered value.

**No. 52603.**—H. Woods Co. *v.* United States, protest 131779–K (San Francisco).

Opinion by Ekwall, J. It appeared that the goods were subject to the British purchase tax and on entry a duress certificate was filed in which the importer certified that it had entered the merchandise at a value higher than that defined in the tariff act because of advances by the appraiser in similar cases then pending on appeal for reappraisement. The collector disregarded said certificate and liquidated upon the entered value on the ground that the certificate was not signed, the signature being in typewriting. Under authority of *Clinton Smullyan Associates* v. *United States* (35 C. C. P. A. 7, C. A. D. 363) the court sustained the claim that the liquidation should have been made upon the basis of the value found by the court on appeal to reappraisement (Reap. Dec. 6478), in which it was held that the British purchase tax was no part of the entered value.

**No. 52604.**—Raphael Weill & Co. *v.* United States, protest 131783–K (San Francisco).

Opinion by Ekwall, J. It appeared that the goods were subject to the British purchase tax and on entry a duress certificate was filed in which the importer certified that it had entered the merchandise at a value higher than that defined in the tariff act because of advances by the appraiser in similar cases then pending on appeal for reappraisement. The collector disregarded said certificate and liquidated upon the entered value on the ground that the certificate was not signed, the signature being in typewriting. Under authority of *Clinton Smullyan Associates* v. *United States* (35 C. C. P. A. 7, C. A. D. 363) the court sustained the claim that the liquidation should have been made upon the basis of the value found by the court on appeal to reappraisement (Reap. Dec. 6478), in which it was held that the British purchase tax was no part of the entered value.

**No. 52605.**—Raphael Weill & Co. *v.* United States, protest 131793–K (San Francisco).

Opinion by Ekwall, J. It appeared that the goods were subject to the British purchase tax and on entry a duress certificate was filed in which the importer certified that it had entered the merchandise at a value higher than that defined in the tariff act because of advances by the appraiser in similar cases then pending on appeal for reappraisement. The collector disregarded said certificate and liquidated upon the entered value on the ground that the certificate was not signed, the signature being in typewriting. Under authority of *Clinton Smullyan Associates* v. *United States* (35 C. C. P. A. 7, C. A. D. 363) the court sustained the claim that the liquidation should have been made upon the basis of the value found by the court on appeal to reappraisement (Reap. Dec. 6478), in which it was held that the British purchase tax was no part of the entered value.

**No. 52606.**—Arthur J. Fritz & Co. *v.* United States, protest 132459–K (San Francisco).